Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1738 | **DATE** | 2/14/2011 |
| **CASE TITLE** | Gaines vs. Essex Inn Hotel | | |

**DOCKET ENTRY TEXT**

Status hearing held and continued to 3/29/2011 @ 9:00 am. The Court appoints counsel to represent the plaintiff. Fact discovery is extended to 3/28/2011. This is a final extension. Defendant's oral motion for extension of time to file dispositive motions is granted and extended to 4/25/2011. Response by 5/23/2011. Reply 6/6/2011. Ruling will be made by mail. Plaintiff to submit to a deposition by 3/14/2011. For these reasons, the Court denies Essex's Motion to Dismiss for Want of Prosecution. The Court will not require the plaintiff to pay the costs of rescheduling the deposition.

■ [ For further details see text below.]   Docketing to mail notices.

00:10

## STATEMENT

On October 16, 2009, Plaintiff Sean Gaines ("Gaines"), proceeding *pro se*, filed suit in the Circuit Court of Cook County against his former employer, Defendant Essex Inn Hotel ("Essex"), alleging retaliatory discharge under Title VII. Gaines did not serve Essex until February 23, 2010, and Essex timely removed the case to this Court on March 18, 2010. Now that fact discovery is over and Gaines has done little to advance his case, Essex moves to dismiss the case, with prejudice, under Federal Rules of Civil Procedure 37(d) and 41(b) for want of prosecution. For the following reasons, the Court denies Essex's Motion to Dismiss.

Under Rule 41(b), a defendant can move to dismiss plaintiff's case "if the plaintiff fails to prosecute or to comply with these rules [Federal Rules of Civil Procedure] or a court order." Rule 41(b) has the dual purpose of providing relief for defendants subjected to stagnant litigation and also allowing the Court to maintain "administrative control" over its dockets and "deter" future plaintiffs from engaging in wasteful litigation. *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987). Dismissal for want of prosecution is appropriate where there is a "clear record of delay or contumacious conduct." *Dunphy v. McKee*, 134 F.3d 1297, 1299 (7th Cir. 1998). But the Court must provide, especially to *pro se* plaintiffs, "due warning" that dismissal for lack of prosecution is a possible consequence of continuing to neglect court-orders or failing to reasonably advance the case. *See Ball v. City of Chicago*, 2 F.3d 752, 755 (7th Cir. 1993); *Kruger v. Apfel*, 214 F.3d 784, 787 (7th Cir. 2000). Dismissal under Rule 41(b) and 37(d) is highly discretionary, so the Court will address both together.

Essex removed the case from state court on March 18, 2010. (R. 1.) The removal document from the clerk's office, however, contained the wrong case number. Despite filing an appearance in this federal case, seeking a default in the already-removed state case, and being sent notices about upcoming status hearings, Gaines stated he was confused about whether removal was effective. As a result, he did not appear at two

scheduled initial status hearings. (R. 8, 10.) First, Gaines was not present at the initial status hearing for the case on April 22, 2010, and this Court's minute order warned him that failure to appear for the initial status hearing reset for May 13, 2010 would result in dismissal of the case for want of prosecution. (R. 10.) For the second time, he failed to appear at the May 13, 2010 initial status hearing. The Court dismissed the case for want of prosecution and entered judgment on July 6, 2010. (R. 11, 12.)

On July 29, 2010, Gaines filed a motion to vacate the judgment dismissing his case. (R. 14, 15.) Given the confusing information regarding the removal, in an abundance of caution the Court granted Gaines' motion to vacate on August 2, 2010. (R. 16.) During the August 2 status, the Court also set an initial status hearing for August 23, 2010 and warned Gaines that failure to appear would result in dismissal. (R. 16.) Gaines submitted a Joint Status Report with Essex and was present at the August 23 initial status. During the August 23, 2010 initial status hearing, and in a separate minute order issued later that day, the Court ordered the parties to complete fact discovery by January 7, 2011. (R. 19.)

Gaines has participated minimally in discovery, and on that basis, Essex moves to dismiss the case for lack of prosecution. Specifically, on September 10, 2010, Essex served Gaines with interrogatories and a request to produce documents. On that day Essex also provided Gaines with its Rule 26(a)(1) disclosures. Gaines never responded to either discovery request, nor did he ever return his own Rule 26(a)(1) disclosures.

Gaines, however, did serve one discovery request for documents. He initially sent it to Essex via email. The body of the email contained no text and Essex was unable to open the attachment without the help of computer specialists. Essex notified Gaines that electronic service of the document request was inadequate under Rule 5(b)(2)(D) because Essex never consented to service in that way. Gaines reissued the request on about November 29, 2010, and Essex answered on December 22, 2010. When court-ordered discovery closed on January 7, 2011, Gaines had made no additional attempts to obtain any other discovery material.

Essex made efforts to schedule Gaines' deposition. On December 22, 2010, Essex served Gaines with a notice of deposition for January 6, 2011 and requested that Gaines make his Rule 26(a)(1) disclosures by January 3, 2011. Essex received no documents by January 3. Essex left messages with Gaines on January 3 and January 4, 2011 to discuss discovery. Gaines returned Essex's call on January 5, 2011. Gaines stated that he never received Essex's discovery requests due to a "problem" with the post office. Despite the Court telling Gaines at the August 23, 2010 status hearing that discovery included exchanging documents and taking depositions, Gaines stated to Essex that he never made the Rule 26(a)(1) disclosures because he was not aware of that obligation. At Gaines' request, Essex also agreed during the call to move Gaines' deposition back one day to January 7, 2011. Gaines failed to appear at 9:30 a.m. on January 7, the rescheduled time for his deposition. Essex tried calling Gaines, to no avail, and after waiting for thirty-five minutes, Essex took a videotaped Certificate of Nonappearance at 10:05 a.m. Gaines finally appeared at 10:15 a.m., but the deposition never went forward. Essex indicated that the matter would be taken up with the Court at the next status.

Gaines was present at the January 10, 2011 status hearing where Essex presented this motion. He also followed the explicit warning of the Court that failing to file a response brief by January 24, 2011 would result in dismissal.

Giving Gaines, as a *pro se* plaintiff, the benefit of the doubt for the initial confusion surrounding the inaccurate notice of removal document, his lackluster discovery efforts do not warrant dismissal under Rule 41(b) or 37(d). The Court has broad discretion in deciding a Rule 41(b) motion and dismissal is only appropriate in "extreme circumstances"; as such, the Court must consider if "less drastic alternative sanctions" are appropriate.

## STATEMENT

*See Palmer v. City of Decatur, Ill.*, 814 F.2d 426, 429-30 (7th Cir. 1987); *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 278 (7th Cir. 1986)("The need for the district court to exercise discretion in deciding among alternative sanctions was especially great in this case, given the plaintiff's *pro se* status."). Gaines' conduct does not warrant Rule 41(b) dismissal because he did issue one discovery request, and he followed the Court's orders to appear at the January 10, 2011 status and file a response brief.

The Court extends discovery for six weeks but this is the final extension. The Court appoints Gaines counsel. Gaines is ordered to sit for his deposition by March 14, 2011, and fact discovery closes on March 28, 2011. The next status is set for March 29, 2011.

For these reasons, the Court denies Essex's Motion to Dismiss for Want of Prosecution.